IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00527-BNB

BENERITO D. CANDELARIA, JR.,
Plaintiff,

v.

JOHN C. HAMLING, and
STATE COLO.,
Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 28 2008

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Plaintiff Benerito D. Candelaria, Jr., initiated this action by filing *pro se* a Complaint. On March 14, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Candelaria to cure a deficiency in this action. The specific deficiency identified by Magistrate Judge Boland was the fact that certain pages were missing from the Complaint Mr. Candelaria filed. On April 14, 2008, Mr. Candelaria filed the missing pages rather than an entire new pleading and the missing pages were docketed as an amended complaint. On April 16, 2008, Magistrate Judge Boland entered an order directing Mr. Candelaria to file a second amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On May 19, 2008, Mr. Candelaria filed a second amended complaint on the Court's Title VII Complaint form.

The Court must construe the second amended complaint liberally because Mr. Candelaria is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the

second amended complaint is held to standards less stringent than those governing a formal pleading drafted by lawyers. *See id.* However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the second amended complaint filed in this action and finds that the second amended complaint still fails to comply with the pleading requirements of Rule 8. The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Candelaria fails in the second amended complaint to set forth a short and plain statement of the grounds for the Court's jurisdiction. Although jurisdiction is

asserted in the Court's Title VII Complaint form pursuant to Title VII of the Civil Rights Act of 1964, Mr. Candelaria is not asserting any claims of employment discrimination pursuant to Title VII in this action. Instead, Mr. Candelaria complains about a custody dispute following the death of his wife. However, Mr. Candelaria fails to identify the statutory authority that allows the Court to consider the claims he is asserting.

Mr. Candelaria's failure to set forth a short and plain statement of the grounds for the Court's jurisdiction is complicated by the fact that he fails to set forth a short and plain statement of his claims showing that he is entitled to relief and he fails to identify the relief he is seeking. As Magistrate Judge Boland advised Mr. Candelaria, in order "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). Despite this advisement, Mr. Candelaria fails to provide a simple, concise, and direct statement of the claims he is asserting in this action.

A decision to dismiss a pleading pursuant to Rule 8 is within the Court's sound discretion. See **Atkins v. Northwest Airlines, Inc.**, 967 F.2d 1197, 1203 (8th Cir. 1992); **Gillibeau v. City of Richmond**, 417 F.2d 426, 431 (9th Cir. 1969). The burden Mr. Candelaria places upon the Court and Defendants to identify, interpret, and respond to his claims is unreasonable. Therefore, the action will be dismissed for failure to comply with the pleading requirements of Fed. R. Civ. P. 8(a). Accordingly, it is

ORDERED that the complaint, the amended complaint, the second amended complaint, and the action are dismissed without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

DATED at Denver, Colorado, this 28 day of May, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00527-BNB

Benerito D. Candelaria, Jr.
2100 W. 100th Ave.
SP 189
Thornton, CO 80260

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/28/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk